UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPECTRUM DIVERSIFIED DESIGNS, LLC,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>SILK ROSE INC.,<br><br>　　　　　　Defendant. | Civil Action No.: 1:19-cv-577<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Spectrum Diversified Designs, LLC ("Spectrum") for its Complaint against Defendant Silk Rose Inc. ("Silk Rose") alleges as follows:

## I.　PRELIMINARY STATEMENT

1. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

## II.　JURISDICTION AND VENUE

2. This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

3. Personal jurisdiction over Silk Rose is proper in this district because Silk Rose is a domestic business corporation organized under the laws of the State of New York and has its principal place of business in this district.

4. Personal jurisdiction over Silk Rose is proper in this District because of its presence in this state, it has availed itself of the rights and benefits of the laws of New York, and it has systematic and continuous business contacts with New York.

5. Venue is proper in this district under 28 U.S.C. § 1400(b).

7540067.v2

### III. PARTIES

6. Spectrum is a limited liability company formed under the laws of Delaware with its principal place of business at 675 Mondial Parkway, Streetsboro, OH 44241.

7. Upon information and belief, Silk Rose is a corporation formed under the laws of New York with a principal place of business at 911 Seton Place, Suite 17, Brooklyn, NY 11230.

### IV. FACTUAL BACKGROUND

8. Spectrum is engaged in the business of designing, manufacturing, and selling products, many of which are houseware items.

9. United States Design Patent Number D731,264 ("D264 patent"), entitled "SPHERE MOLD" issued on June 9, 2015, and names Matthew Frank and Ryan H. Peloquin as the inventors. A true copy of the D264 patent is attached as Exhibit 1.

10. The D264 patent claims the ornamental design for a sphere mold.

11. Spectrum is the owner by assignment of the entire right, title, and interest in the D264 patent.

12. Spectrum sells, under its TOVOLO® brand, sphere molds known as the Sphere Ice Molds that are covered by the D264 patent. Since October 20, 2016, Spectrum or its predecessors-in-interest have marked the Sphere Ice Molds in compliance with 35 U.S.C. § 287.

13. Silk Rose, doing business as Chuzy Chef, manufactures, uses, sells, offers for sale, and/or imports into the United States sphere molds, known as the Chuzy Chef Sphere Ice Molds, that infringe Spectrum's intellectual property rights, including the D264 patent ("Accused Products"). Silk Rose has sold or offered for sale its Accused Products through various retailers, including Amazon, Walmart, Groupon, and Kmart.

14. Upon information and belief, Silk Rose has known of the existence of the D264 patent, and its acts of infringement have been willful and in disregard for the Asserted Patent without any reasonable basis for believing that it had a right to engage in the infringing conduct.

15. Counsel for Spectrum contacted Silk Rose regarding the Accused Products on April 4, 2018.

16. On or around April 24, 2018, Spectrum reported Silk Rose's infringement to Amazon.com, Inc. ("Amazon") to request that Amazon remove all product listings of the Accused Products. Amazon complied with Spectrum's request and removed all listings of the Accused Products on or around May 18, 2018.

17. Undeterred by Amazon's decision to remove its product listings, Silk Rose re-listed the Chuzy Chef Sphere Ice Molds on Amazon on or around May 25, 2018. Although Silk Rose's new Amazon product listings showed an image of a modified product, Silk Rose continued to provide infringing products in fulfillment of product orders, which Spectrum confirmed through purchasing the Accused Product through Amazon.

18. After learning that Silk Rose was continuing to infringe the D264 Patent despite its prior notice to Silk Rose and the removal of its original product listing, Counsel for Spectrum contacted Silk Rose again on June 20, 2018. To date, neither Spectrum nor its counsel has received a response from Silk Rose.

19. On or around October 30, 2018, Spectrum again purchased a Chuzy Chef Sphere Ice Mold from Silk Rose through Amazon. In fulfillment of this order, Silk Rose provided an infringing sphere mold despite its product listing showing a modified sphere mold.

20. In addition, Silk Rose continues to offer the Accused Products for sale through additional retailers. For example, the Accused Products are currently available online from Walmart.com and Groupon.com. The product listings shown on these websites include product images showing an infringing sphere ice mold.

21. Silk Rose's continued sale of the Accused Products, combined with its blatant attempt to hide its continuing infringement, is proof of its bad faith and willful infringement.

22. Silk Rose's acts complained of herein have caused Spectrum to suffer irreparable injury to its business. Spectrum will continue to suffer substantial loss and irreparable injury until Silk Rose is enjoined from its wrongful actions complained of herein.

### V. CLAIM FOR PATENT INFRINGEMENT

23. Spectrum repeats and re-alleges paragraphs 1 through 22 hereof, as if set forth fully herein.

24. This is a claim for patent infringement under 35 U.S.C. § 271.

25. Silk Rose has copied and infringed Spectrum's TOVOLO® Sphere Ice Molds.

26. Silk Rose infringed and continues to infringe the D264 patent by making, using, selling, offering for sale, and/or importing into the United States, including within this judicial district, sphere molds having a design that would appear to an ordinary observer to be substantially similar to the claim of the D264 patent, including, for example, Silk Rose's Chuzy Chef Sphere Ice Molds, as shown below.



| Infringing Chuzy Chef Sphere Ice Molds | Spectrum's Patent U.S. Patent No. D731,264 |
|---|---|

27. Silk Rose's infringement of the D264 patent was knowing, intentional, and willful.

28. As a direct and proximate result of Silk Rose's acts of infringement, Silk Rose has derived and received gains, profits, and advantages in an amount that is not presently known to Spectrum.

29. Silk Rose's infringement of the D264 Patent has caused Spectrum damage for which Spectrum is entitled to compensation pursuant to 35 U.S.C. § 284.

30. This case is exceptional and, therefore, Spectrum is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

31. Spectrum is entitled to Silk Rose's total profits from its infringement of the D264 Patent pursuant to 35 U.S.C. § 289.

32. Due to Silk Rose's infringing acts, Spectrum has suffered irreparable injury, for which Spectrum has no adequate remedy at law.

33. Silk Rose will continue to directly infringe Spectrum's patent rights to the irreparable injury of Spectrum until enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Spectrum requests judgment against Silk Rose as follows:

A. Adjudging Silk Rose to have infringed the Asserted Patents in violation of 35 U.S.C. § 271;

B. Awarding Spectrum damages adequate to compensate Spectrum for Silk Rose's infringement of the D264 Patent, with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

C. Ordering Silk Rose to account for all gains, profits, and advantages derived by Silk Rose's infringement of the D264 Patent in violation of 35 U.S.C. § 271, and to pay Spectrum all damages suffered by Spectrum and/or Silk Rose's total profits from such infringement under 35 U.S.C. § 289;

D. Adjudging Silk Rose's infringement of the D264 Patent to be willful;

E. Awarding Spectrum enhanced damages up to three times the actual amount assessed under 35 U.S.C. § 284;

F. Declaring this case exceptional and awarding Spectrum its reasonable attorneys' fees under 35 U.S.C. § 285;

G. Granting a preliminary and permanent injunction enjoining Silk Rose, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the D264 Patent; and,

H. Awarding further relief this Court deems just and proper.

## JURY DEMAND

Spectrum demands trial by jury on all claims and issues so triable

Dated: New York, New York
January 30, 2019

By:    */s/ Seth H. Ostrow*
Seth H. Ostrow, Esq.
Sarah A. Pfeiffer, Esq.
**MEISTER SEELIG & FEIN LLP**
125 Park Avenue, 7th Floor
New York, New York 10017
Tel: (212) 655-3500
Fax: (212) 655-3535
Email: sho@msf-law.com
       sap@msf-law.com

and

Jay Campbell, Esq.
(application for admission *pro hac vice* to be filed)
Patrick Clunk, Esq.
(application for admission *pro hac vice* to be filed)
**TUCKER ELLIS LLP**
950 Main Avenue
Suite 1100
Cleveland, OH 44113-7213
Tel: 216.592.5000
Fax: 216.592.5009
Email: jay.campbell@tuckerellis.com
       patrick.clunk@tuckerellis.com

*Attorneys for Plaintiff*
*Spectrum Diversified Designs, LLC*